IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kitre Pugh, Personally and as Personal Representative of the Estate of Sylvia Ann Pugh, <br><br> Plaintiff, <br><br> vs. <br><br> PennyMac Loan Services, LLC, <br><br> Defendant. | Case No.: 4:25-cv-2689-JD-KDW <br><br><br><br> **ORDER** |

     This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 43), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerns Defendant PennyMac Loan Services, LLC's ("Defendant") Motion to Dismiss (DE 33) and recommends that the Motion be granted.[1] (DE 43.)

**A.     Background**

     The Court incorporates the factual and procedural background set forth in the Report and Recommendation (DE 43). A brief summary is provided for context.

     Plaintiff Kitre Pugh, Personally and as Personal Representative of the Estate of Sylvia Ann Pugh Estate of Sylvia Ann Pugh ("Plaintiff"), proceeding *pro se*, filed

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

this action against Defendant PennyMac Loan Services, LLC, alleging violations of the Real Estate Settlement Procedures Act and its implementing regulations arising from Defendant's servicing of a residential mortgage loan secured by property in Florence, South Carolina. (DE 1; DE 43 at 1–3.) As summarized in the Report, Plaintiff alleges that Defendant continued collecting mortgage payments after notice of Sylvia Ann Pugh's death, misapplied payments, mishandled escrow funds, imposed unwarranted fees, failed to provide loss-mitigation options or a single point of contact, and force-placed insurance despite valid coverage. (DE 1; DE 43 at 2–3.)

The Report further explains that the loan went into default, that Defendant initiated a foreclosure action in state court, and that, following a hearing on February 20, 2025, the state court entered a foreclosure order finding the note in default and directing that the property be sold to satisfy the debt. (DE 43 at 1–2.) Plaintiff commenced this federal action on March 31, 2025, after entry of the foreclosure order. (DE 1; DE 43 at 2.) The property was later noticed for sale and sold. (DE 43 at 3.)

On July 18, 2025, Defendant filed a Motion to Dismiss, arguing, among other things, that this Court lacks subject matter jurisdiction under the Rooker–Feldman doctrine because Plaintiff's claims effectively seek federal review of the state foreclosure judgment. (DE 33; DE 43 at 1, 4–6.) Because Plaintiff is proceeding pro se, the Magistrate Judge issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences of failing to respond adequately. (DE 35.) Plaintiff thereafter filed a response in opposition. (DE 40.)

B.     **Report and Recommendation**

On January 26, 2026, the Magistrate Judge issued the Report recommending that Defendant's Motion to Dismiss be granted and that this action be dismissed. (DE 43.) The Report concludes that the Court lacks subject matter jurisdiction under the Rooker–Feldman doctrine because Plaintiff's claims, though framed as servicing and RESPA-related violations, challenge injuries caused by and inextricably intertwined with the state court foreclosure judgment entered before this action commenced. (DE 43 at 5–6.)

More specifically, the Report explains that Plaintiff's allegations concerning increased monthly payments, misapplied payments, escrow errors, unwarranted fees, lack of loss-mitigation assistance, and Defendant's continuation of foreclosure proceedings all concern Defendant's handling of the mortgage loan and, if accepted here, would effectively call into question the validity of the state court's foreclosure order. (DE 43 at 6.) The Magistrate Judge therefore concluded that Plaintiff, as a state-court loser, is impermissibly seeking federal district court review and rejection of a final state-court judgment. (DE 43 at 5–7.) The Report further notes that Plaintiff's reference to 42 U.S.C. § 1985(3) does not alter that conclusion because the Complaint does not allege facts sufficient to state a conspiracy claim. (DE 43 at 6–7.) Having concluded that dismissal is warranted under Rooker–Feldman, the Magistrate Judge did not reach Defendant's remaining grounds for dismissal. (DE 43 at 7.)

## C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## D. Absence of Objections

The Report advised the parties of their right to file specific written objections within the time provided by law. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff did not file any specific objections to the Report within the time allowed. After issuance of the Report, however, Plaintiff filed a Motion for Extension of Time and a Motion to Disqualify, which the Court addresses below. (DE 47; DE 48.)

In the absence of objections, the Court is not required to conduct a *de novo* review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

## E. Plaintiff's Additional Filings

4

After issuance of the Report, Plaintiff filed a Motion for Extension of Time. (DE 47.) In that filing, Plaintiff seeks additional time to "respond to Report & Recommendation" and states that he intends to file a motion to recuse or disqualify the Magistrate Judge. (DE 47.) Plaintiff also filed a Motion to Disqualify Judge, seeking the disqualification of Magistrate Judge Kaymani D. West based on her prior employment and judicial service. (DE 48.)

To the extent DE 47 may be construed as a request for additional time to file objections to the Report, the motion is denied. Plaintiff has not identified any specific objection to the Report or shown that additional time would affect the Court's review of the Magistrate Judge's jurisdictional analysis. Even construing Plaintiff's filings liberally, neither DE 47 nor DE 48 identifies a specific error in the Report's conclusion that this Court lacks jurisdiction under the Rooker–Feldman doctrine. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

To the extent DE 48 seeks recusal or disqualification, the motion is denied. Plaintiff's assertions are conclusory and do not establish personal bias, prejudice, or any other ground warranting recusal under 28 U.S.C. § 455. Allegations based solely on a judicial officer's prior employment or service as a magistrate judge, without more, are insufficient to require disqualification. (DE 48.)

## F.	Conclusion

Accordingly, after a careful and thorough review of the Report and the record in this case, the Court finds no clear error and adopts the Report (DE 43) in its entirety and incorporates it by reference.

It is, therefore, ORDERED that Defendant's Motion to Dismiss (DE 33) is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time (DE 47) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion to Disqualify (DE 48) is DENIED.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 26, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.